1   TERRY E. SANCHEZ (SBN 101318)
    Terry.Sanchez@mto.com
2   KATHLEEN M. McDOWELL (SBN 115976)
    Kathleen.McDowell@mto.com
3   JOEL M. PURLES (SBN 266208)
    Joel.Purles@mto.com
4   MUNGER, TOLLES & OLSON LLP
    355 South Grand Ave.
5   Thirty-Fifth Floor
    Los Angeles, CA 90071
6   Telephone:     (213) 683-9100
    Facsimile:     (213) 687-3702
7
    VICTORIA L. BOESCH (SBN 228561)
8   Victoria.Boesch@mto.com
    MUNGER, TOLLES & OLSON LLP
9   560 Mission Street, Twenty-Seventh Floor
    San Francisco, CA 94105-2907
10  Telephone:     (415) 512-4000
    Facsimile:     (415) 512-4077
11
    Attorneys for Defendants
12  MERRILL LYNCH, PIERCE, FENNER &
    SMITH INCORPORATED, MERRILL LYNCH &
13  CO., INC., and BRIAN RILEY

WILLIAM I. EDLUND (SBN 25013)
Bedlund@bztm.com
ROBERT H. BUNZEL (SBN 99395)
rbunzel@bztm.com
HOWARD I. MILLER (SBN 251878)
hmiller@bztm.com
BARTKO, ZANKEL, TARRANT &
MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Telephone:     (415) 956-1900
Facsimile:     (415) 512-4077

Attorneys for Plaintiffs
KEVIN MARTIN, DAVID NORRIS
and FRANK STONE

14

15                 UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                      OAKLAND DIVISION

18

19  KEVIN MARTIN, DAVID NORRIS,          CASE NO.  CV-10-4020-CW
    FRANK STONE, individually and on
20  behalf of all others similarly situated,
                                          **STIPULATED PROTECTIVE ORDER**
21            Plaintiff,

22       vs.

23  MERRILL LYNCH, PIERCE, FENNER &
    SMITH, INCORPORATED; MERRILL
24  LYNCH & CO., INC., BRIAN RILEY and
    DOES 1-20,
25
              Defendants.
26

27

28

13075969.1

1       This Stipulated Protective Order is entered into between Plaintiffs Kevin Martin, David

2 Norris and Frank Stone and Defendants Merrill Lynch, Pierce, Fenner & Smith, Incorporated,

3 Merrill Lynch & Co., Inc., and Brian Riley to address the confidentiality of certain materials to be

4 produced by the parties and non-parties in two separate actions: *Martin v. Merrill Lynch, Pierce,*

5 *Fenner & Smith, Incorporated,* Case No. CV-10-04020-CW and *Shaffer v. Merrill Lynch, Pierce,*

6 *Fenner & Smith, Incorporated*, Case No. CV-10-03943-CRB.  Collectively, these two

7 proceedings will be referred to as the "Litigation."

8       It is hereby stipulated and agreed that:

9     1.   **PURPOSES AND LIMITATIONS**

10       Disclosure and discovery activity in the Litigation is likely to involve production

11 of confidential, proprietary, or private information for which special protection from public

12 disclosure and from use for any purpose other than prosecuting the Litigation may be warranted.

13 The Litigation includes two separate cases that the Parties believe will involve some overlapping

14 discoverable information.  Nothing in this Stipulated Protective Order, however, is intended to

15 concede the relevance or admissibility of any particular document or information that is produced

16 in connection with either case.  The Parties expressly reserve all such objections.

17     Subject to this reservation, the Parties hereby stipulate to and petition the court to enter the

18 following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does

19 not confer blanket protections on all disclosures or responses to discovery and that the protection

20 it affords extends only to the limited information or items that are entitled under the applicable

21 legal principles to confidential treatment.  The parties further acknowledge, as set forth in Section

22 12 below, that this Order does not entitle them to file confidential information under seal; Civil

23 Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that

24 will be applied when a party seeks permission from the court to file material under seal.

25     2.   **DEFINITIONS**

26       2.1   Challenging Party:  a Party or non-party that challenges the designation of

27 information or items under this Order.

28

STIPULATED PROTECTIVE ORDER
CASE NO.: CV-10-4020-CW

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in the Litigation.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigation.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.8     House Counsel:  attorneys who are employees of a party to the Litigation.

2.9     Outside Counsel of Record:  attorneys who are not employees of a Party but are retained to represent or advise a Party in the Litigation and have appeared on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.10    Party:  any party to the Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in the Litigation.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

The protections conferred by this Order also extend to all materials produced by the Parties in two prior arbitration actions (*Genoni v. Merrill Lynch, Pierce, Fenner & Smith Inc. & Shaffer*, FINRA No. 07-02208, and *Shaffer v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, JAMS Ref. No. 1100059206) (the "prior arbitrations") and designated as "Confidential" under a prior-arbitration Confidentiality Agreement and Protective Order ("Confidentiality Agreement"). Insofar as these prior-arbitration Confidentiality Agreements limited use of materials designated

as "Confidential," they are heretofore superseded as concerning materials exchanged between the Parties. Instead, any materials designated as "Confidential" that were exchanged between the Parties in the prior arbitrations can be used in connection with the Litigation and will be treated as "CONFIDENTIAL" under this Order unless the Designating Party informs the Receiving Party that the designation is being removed or otherwise changed. The Parties expressly reserve the right to object on any ground to use in evidence of materials covered by this paragraph.

4. **DURATION**

Even after final disposition of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; and (2) final judgment therein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burden on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not

qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

(b) *for testimony given in deposition or in other pretrial or trial proceedings*, that the Designating Party may identify on the record, before the close of the deposition, hearing, or

1    other proceeding, all protected testimony and, for each portion, the level of protection being

2    asserted.  The Designating Party may also within 30 days inform the court reporter and other

3    Parties of the specific portions of testimony as to which protection is sought, specifying the level

4    of protection being asserted.  Only those portions of the testimony that are appropriately

5    designated for protection within the 30 days shall be covered by the provisions of this Order.

6         Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

7    Material may not be disclosed to anyone except as permitted under this Order, and must be

8    separately bound by the court reporter, who must affix to the top of each page the legend

9    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") as

10   instructed by the Designating Party.

11        (c)  *for information produced in some form other than documentary and for any*

12   *other tangible items*, that the Producing Party affix in a prominent place on the exterior of the

13   container(s) in which the information is stored the appropriate legend ("CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  If only a portion or portions of

15   the information or item warrant protection, the Producing Party, to the extent practicable, shall

16   identify the protected portions and specify, for each portion, the level of protection being asserted.

17        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

18   failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

20   Designating Party's right to secure protection under this Order for such material.  Upon timely

21   correction of a designation, the Receiving Party must make reasonable efforts to assure that the

22   material is treated in accordance with the provisions of this Order.

23        6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24        6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

25   confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

26   economic burdens, or a significant disruption or delay of litigation, a Party does not waive its

27   right to challenge a confidentiality designation by electing not to mount a challenge promptly

28   after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice (including email or fax) of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties, acting in good faith, must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to remove confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with the Litigation solely and exclusively for prosecuting, defending, or attempting to settle the Litigation.  Such Protected

1    Material may be disclosed only to the categories of persons and under the conditions described in

2    this Order.  When the Litigation has been terminated, a Receiving Party must comply with the

3    provisions of Section 14 below (FINAL DISPOSITION).  This Order does not restrict in any

4    manner the use or disclosure by any Producing Party of any information in its own documents

5    and things.  Protected Material must be stored and maintained by a Receiving Party at a location

6    and in a secure manner that ensures that access is limited to the persons authorized under this

7    Order.

8            7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

9    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

10   disclose any information or item designated "CONFIDENTIAL" only to:

11           (a)  the Receiving Party's Outside Counsel of Record in the Litigation, as well as

12   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13   information and who have signed the "Acknowledgement and Agreement to be Bound" that is

14   attached hereto as Exhibit A;

15           (b)  the officers, directors, and employees (including House Counsel) of the

16   Receiving Party to whom disclosure is reasonably necessary and who have signed the

17   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

18           (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

19   reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound"

20   (Exhibit A);

21           (d)  the court and its personnel;

22           (e)  court reporters and their staff, professional jury or trial consultants, and

23   Professional Vendors to whom disclosure is reasonably necessary and who have signed the

24   "Acknowledgement and Agreement to be Bound" (Exhibit A);

25           (f)  during their depositions, witnesses to whom disclosure is reasonably necessary

26   and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless

27   otherwise agreed by the Designating Party or ordered by the court.

28

1          (g)  the author or recipient of a document containing the information or a custodian

2 or other person who otherwise possessed or knew the information.

3         7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

5 the Designating Party, a Receiving Party may disclose any information or item designated

6 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7          (a)  the Receiving Party's Outside Counsel of Record, as well as employees of said

8 Outside Counsel of Record to whom it is reasonably necessary to disclose the information and

9 who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as

10 Exhibit A;

11          (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

12 reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound"

13 (Exhibit A);

14          (c)  the court and its personnel;

15          (d)  court reporters, their staff, and Professional Vendors to whom disclosure is

16 reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound"

17 (Exhibit A);

18          (e)  the author of a document containing the information or the original source of

19 the information.

20        **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

21 **IN OTHER LITIGATION**

22         If a Receiving Party is served with a subpoena or a court order issued in other

23 litigation that compels disclosure of any information or items designated in the Litigation as

24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that party

25 must:

26          (a)  promptly notify in writing (by email or fax, if possible) the Designating Party,

27 and in no event more than 3 business days after receiving the subpoena or order.  Such

28 notification shall include a copy of the subpoena or court order;

1         (b)  promptly notify in writing the party who caused the subpoena or order to issue

2    in the other litigation that some or all of the material covered by the subpoena or order is subject

3    to this Order.  Such notification shall include a copy of this Order; and

4         (c)  cooperate with respect to all reasonable procedures sought to be pursued by

5    the Designating Party whose Protected Material may be affected.

6         If the Designating Party timely seeks a protective order, the Receiving Party

7    served with the subpoena or court order shall not produce any information designated in this

8    actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    before a determination by the court from which the subpoena or order issued, unless the

10   Receiving Party has obtained the Designating Party's permission.  The Designating Party shall

11   bear the burden and expense of seeking protection in that court of its confidential material – and

12   nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

13   to disobey a lawful directive from another court.

14       9.      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15   **PRODUCED IN THIS LITIGATION**

16        The terms of this Order are applicable to information produced by a non-party in

17   the Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY."  Such information produced by non-parties in connection with

19   the Litigation is protected by the remedies and relief provided by this Order.  Nothing in these

20   provisions should be construed as prohibiting a non-party from seeking additional protections.

21       10.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23   Protected Material to any person or in any circumstances not authorized under this Order, the

24   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25   disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

26   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

27   this Order, and (d) request such persons to execute the "Acknowledgement and Agreement to Be

28   Bound" that is attached hereto as Exhibit A.

1    11.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

2    **PROTECTED MATERIAL**

3          When a Producing Party gives notice to Receiving Parties that certain

4    inadvertently produced material is subject to a claim of privilege or other protection, the

5    obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

6    26(b)(5)(B).

7          Pursuant to Federal Rule of Evidence 502(d) and (e), neither the attorney-client privilege

8    nor the work product doctrine shall be waived by disclosure of any document or information by

9    any Party to any other Party or by any non-party providing documents in response to a subpoena

10   issued in connection with the Litigation.  No Party shall assert that any other Party or non-party

11   has waived any such privilege or protection solely as a result of such disclosure of documents or

12   information subject to a claim of privilege or protection, whether or not such production or

13   disclosure was preceded by any review or effort to identify such privileged or protected

14   documents or information prior to production.  Nothing contained herein, however, shall preclude

15   or restrict the right of any Party or non-party (1) to perform a review for the purpose of

16   identifying privileged or protected documents or information prior to the disclosure thereof if the

17   Party or non-party chooses to do so, or (2) to withhold the production or disclosure of any

18   document or information that the Party or non-party believes to be privileged or protected.

19         Except as expressly set forth herein, nothing in this Order shall modify the law regarding

20   the attorney-client privilege, the work product doctrine, or trade secret or other confidential

21   research, development, or commercial information.

22   12.    **FILING PROTECTED MATERIAL**

23         Without written permission from the Designating Party or a court order secured

24   after appropriate notice to all interested persons, a Party may not file in the public record in the

25   Litigation any Protected Material.  A Party that seeks to file under seal any Protected Material

26   must comply with Civil Local Rule 79-5.

27

28

1        13.    **MISCELLANEOUS**

2              13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

3    person to seek its modification by the court in the future.

4              13.2    Right to Assert Other Objections.  By stipulating to the entry of this Order,

5    no Party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Order.  Similarly, no Party waives any

7    right to object on any ground to use in evidence of any of the material covered by this Order.

8        14.    **FINAL DISPOSITION**

9              Within 60 days after the final disposition of the Litigation (as defined in Section

10   4), each Receiving Party must return all Protected Material to the Producing Party or destroy such

11   material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

12   compilations, summaries, and any other format reproducing or capturing any of the Protected

13   Material, with the exception of materials inadvertently created through, and stored in, a Party's or

14   its Counsel's disaster-recovery backup system.  Whether the Protected Material is returned or

15   destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

16   not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

17   (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

18   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

19   or any other format reproducing or capturing any of the Protected Material, with the exception of

20   materials inadvertently created through, and stored in, a Party or its Counsel's disaster-recovery

21   backup system.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

22   all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial

23   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

24   such materials contain Protected Material.  Any such archival copies that contain or constitute

25   Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

26

27

28

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD


DATED: February _____, 2011                    Bartko, Zankel. Tarrant & Miller


                                               By:_____
                                                   Robert H. Bunzel
                                                   Attorneys for Plaintiffs


DATED: February 11, 2011                       Munger, Tolles & Olson LLP


                                               By:___/s/ Victoria L. Boesch_____
                                                   Victoria L. Boesch
                                                   Attorneys for Defendants

1

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5

6

7    DATED: _____ **2/15/2011** _____

8                                                    The Honorable Claudia Wilken
                                                     United States District Court
9                                                    Northern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name] of

4

_____ [print or type full address],

5

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6

Protective Order that was issued by the United States District Court for the Northern District of

7

California on _____ in the case of *Martin  v. Merrill Lynch, Pierce, Fenner & Smith,*

8

*Incorporated*, Case No. CV-10-04020-CW.  I agree to comply with and to be bound by all the

9

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

11

promise that I will not disclose in any manner any information or item that is subject to this

12

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

13

of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for

15

the Northern District of California for the purpose of enforcing the terms of this Stipulated

16

Protective Order, even if such enforcement proceedings occur after termination of this action.

17

I hereby appoint _____ [print or type full name]

18

of _____ [print or type full

19

address and telephone number] as my California agent for service of process in connection with

20

this action or any proceedings related to enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

Printed Name: _____

25

[printed name]

26

27

Signature: _____

[signature]

28